UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FIORENTINE *et al.*,

    *Plaintiffs*,

  v.

SARTON PUERTO RICO, LLC D/B/A IKEA PUERTO RICO,

    *Defendant*.

Civil Action No. 19-3424 (CKK)

**Memorandum Opinion**
(August 6, 2020)

This case concerns a putative class action involving alleged violations of the Telephone Consumer Protection Act ("TCPA"). Now pending before the Court is Defendant's Motion for Leave to File Document Under Seal ("Motion to Seal"), ECF No. 13. Upon consideration of the briefing, the relevant authorities, and the record as a whole,[1] the Court **GRANTS** Defendant's Motion to Seal.

### I. Background

On November 13, 2019, Plaintiffs John Fiorentine and Kim Kravitz ("Plaintiffs") filed this action against Defendant Sarton Puerto Rico, LLC d/b/a IKEA Puerto Rico ("Defendant") alleging violations of the TCPA. *See* Compl. ¶¶ 1-3. Plaintiffs filed their complaint with the United States District Court for the District of Columbia. *See id.* ¶¶ 8-9. In lieu of filing an answer, Defendant filed a Motion for Transfer of Venue ("Motion to Transfer"). That motion relies, in part, on

---

[1] The Court's consideration has primarily focused on the following:
- Compl., ECF No. 1;
- Def.'s Mot. for Transfer of Venue, ECF No. 11;
- Def.'s Mot. for Leave to File Under Seal ("Def.'s Mot."), ECF No. 13;
- Def.'s Mot., Ex. 1, ECF No. 13-1 (the "Franchise Agreement"); and
- Pl.'s Opp'n to Def.'s Mot. to Transfer Venue (Pl.'s Opp'n), ECF No. 14.

1

references to a franchise agreement between Defendant and IKEA (the "Franchise Agreement"). *See* Def.'s Mot. at 3.

In support of its Motion to Transfer, Defendant filed the Franchise Agreement under seal with the Court. And, in accordance with Local Rule 5.1(h), Defendant also filed its accompanying Motion to Seal therewith. On February 28, 2020, the Court requested Plaintiffs file any opposition to either the Motion to Seal or the Motion to Transfer by March 19, 2020. *See* Min. Order, Feb. 28, 2020. On March 19, 2020, Plaintiffs filed an opposition to Defendant's Motion to Transfer, but did not object to its Motion to Seal.

## II.   Legal Standard & Discussion

"[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C. Cir. 1981) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978)). In this Circuit, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). In *Hubbard*, the D.C. Circuit identified six factors that might act to overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22).

In light of these factors, the Court finds that Defendant has overcome the presumption in favor of public access, with regards to the Franchise Agreement. First, Defendant explains that the Franchise Agreement is "a business/trade secret and is considered protected and highly

confidential." Def.'s Mot. ¶ 3.  Relatedly, "the public dissemination of [the Franchise Agreement] could cause injury in fact to the businesses of the parties" to that agreement.  *Id.* ¶ 4.  Defendant only decided to file the Franchise Agreement with the Court under seal, because it believes the document is "critical to this Court's ability to evaluate the merits of the Venue Transfer Motion." *Id.* ¶ 3.  These facts weigh in favor of preserving the confidentiality of the Franchise Agreement, particularly in consideration of the final three factors of the *Hubbard* analysis.  *See G&E Real Estate, Inc. v. McNair*, No. CV 14-418 (CKK), 2020 WL 956469, at *5 (D.D.C. Feb. 27, 2020) (applying the *Hubbard* test and granting a motion to seal documents reflecting "confidential business information").

Finally, the Court also notes that Plaintiffs have not filed any express objection to Defendant's Motion to Seal.  Accordingly, Plaintiffs have not shown any need for public access to the Franchise Agreement, or the extent of previous public access to this document, if any.  The absence of any such objections from Plaintiffs further weighs in favor of preserving the confidentiality of the Franchise Agreement.

### III.  Conclusion

For the reasons above, the Court GRANTS the Motion to Seal, ECF No. 13.  An appropriate order accompanies this Memorandum Opinion.